Case 4:12-cv-00114-A Document 6 Filed 02/28/12 Page 1 of 4 PageID 23

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 28 2012

CLERK, U.S. DISTRICT COURT
by _____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAUL VILLEGAS GARZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-114-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Raul Villegas Garza, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondent.

I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving four 20-year sentences on his 2004 convictions for indecency with a child in the 355th District Court

of Hood County, Texas, in case no. 9232. (Pet. at 2) Petitioner has previously sought both state and federal postconviction habeas relief challenging the same convictions. *See Garza v. Quarterman*, No. 4:06-CV-291-Y (denied on the merits); *Garza v. Quarterman*, Civil Action No. 4:08-CV-305-Y (successive petition ordered transferred to the Fifth Circuit).[1]

Most recently, petitioner filed a state habeas application alleging he is actually innocent based on upon "newly discovered evidence," in the form of an affidavit, signed on March 14, 2011, by Dr. Jack Thompson, the resident physician at the prison's Michael Unit, stating:

> "My examination of patient, Raul Garza, TDCJ #12142954, has led me to conclude that he is a Eunuch and is not capable of sexual arousal and I further state that the medication treatment prescribed of Testosterone and other drugs could not increase or enhance his ability to have a sexual arousal.

(Pet., Ex. A)

The state habeas court dismissed the application as successive. This is petitioner's third federal petition, in which he (1) challenges the state habeas court's denial of relief based on "new evidence of actual innocence," and claims that (2) the trial judge

---

[1] The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas petitions.

2

should have been disqualified because of a conflict of interest, (3) he received ineffective assistance of counsel, and (4) he was denied his right to a fair trial. (Pet. at 6-7) In conjunction with this petition, petitioner filed a "Petition for Successive Certificate of Appealability," in which he requests permission from the court to issue a certificate of appealability.

## II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. See Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003); In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Moreover, a petition is successive if it seeks to present newly discovered evidence not presented in an earlier petition. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Although petitioner states a "request for permission to file [a] successive petition [is] in process,"

he has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied; the denial shall refer only to the present case and shall have no effect upon the petitioner's right to seek permission from the Fifth Circuit to file a successive petition.

SIGNED February __28__, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

4